[No. B022616. Second Dist., Div. Two. Oct. 21, 1986.]

PACIFIC BELL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SABLE COMMUNICATIONS OF CALIFORNIA, INC., et al.,
Real Parties in Interest.

**COUNSEL**

Wyman, Bautzer, Kuchel & Silbert, Alan D. Croll, Karen Randall and Mark A. Wooster for Petitioner.

No appearance for Respondent.

Kadison, Pfaelzer, Woodard, Quinn & Rossi, Richard T. Williams, Joel E. Bonner and Sandra E. Purnell for Real Parties in Interest.

**OPINION**

**THE COURT.**\*—This petition for a writ of prohibition or mandate arises from two rulings by respondent court declining to dismiss or stay the underlying action on the petitioner's theory that the California Public Utilities Commission (Commission) has exclusive or primary jurisdiction over its subject matter.

Real parties in interest sued petitioner for damages, imposition of a constructive trust, and a declaratory judgment. The first amended complaint

---

\*Before Compton, Acting P. J., Beach, J., and Gates, J.

alleges, in essence, that defendant, a public utility telephone corporation, entered into a joint venture or partnership with each plaintiff to provide certain services to the public pursuant to a telephone company tariff; that defendant failed accurately to account for monies due plaintiffs under the tariff; that defendant's equipment and accounting systems were inadequate to render accurate accounts; that defendant fraudulently concealed this inadequacy from plaintiffs; and that plaintiffs were damaged thereby, and are entitled to a monetary recovery, including punitive damages, on various legal theories.

The tariff in question authorizes defendant to provide a service described as 976 Information Access Service (976 IAS). This service enables a caller, for a charge, to telephone an "information provider's" recorded announcement or interactive program. Defendant, on behalf of the information provider, charges the caller for each completed qualifying call. Defendant is required by the tariff to remit a specified portion of the charge to the information provider. Plaintiffs in the underlying action are information providers.

On April 17, 1985, the Commission issued an order instituting an investigation of 976 IAS. The order described six problems of which the Commission had become aware. None of these problems involved the general subject of this action—defendant's accountings to information providers. On March 25, 1986, an information provider (On-Cue Entertainment) filed an administrative complaint with the Commission alleging that defendant had undercounted calls to its number. On April 14 the instant action was commenced in the superior court. On May 22, on defendant's motion, an administrative law judge of the Commission ordered consolidation of the On-Cue Entertainment complaint with the Commission investigation. This order also required consolidation with the ongoing investigation of "all complaints requesting an accounting for 976 IAS revenues." (Though it did not so specify, the latter portion of the order seems intended to encompass all such complaints that might be filed in the future, as well as any complaints already on file.) The administrative law judge did not sign defendant's proposed form of order, which would have added several issues, involving the adequacy of defendant's accounting equipment and facilities and its liability to information providers, to the scope of the Commission investigation.

The action underlying the instant proceeding was not subject to the consolidation order, as it was not before the Commission.

Defendant demurred to the complaint, contending, in pertinent part, that the Commission has exclusive jurisdiction of the issues in the case. It later

moved for an order staying the action until the Commission completes its investigation of 976 IAS.

Respondent court overruled the demurrer (insofar as it argued exclusive jurisdiction) on June 9, 1986. It denied the motion for a stay on August 13. The petition before us challenges the former ruling as an error of law, and the latter ruling as an abuse of discretion.

The petition is untimely with respect to the order overruling the demurrer. (*Popelka, Allard, McCowan & Jones* v. *Superior Court* (1980) 107 Cal.App.3d 496, 499 [165 Cal.Rptr. 748].) This opinion consequently addresses only the August 13 ruling denying the motion for a stay.

■ We have concluded that respondent court abused its discretion in denying defendant's request to stay the action pending completion of the Commission investigation.

In actions raising questions within the scope of a regulatory agency's purview, the courts should defer to the agency's expertise. (*E.B. Ackerman Importing Co.* v. *City of Los Angeles* (1964) 61 Cal.2d 595 [39 Cal.Rptr. 726, 394 P.2d 566]; *Industrial Communications Systems, Inc.* v. *Pacific Telephone & Telegraph Co.* (9th Cir. 1974) 505 F.2d 152, 157.) Application of this doctrine in the underlying action will serve several salutary purposes. First, when the regulatory proceeding is completed, the superior court will have the benefit of the agency's views on the issues. Secondly, a stay until Commission proceedings are concluded will minimize the risk that the court's rulings will hinder or frustrate the agency's policies, orders, or decisions. (See Pub. Util. Code, § 2106; *Waters* v. *Pacific Telephone Co.* (1974) 12 Cal.3d 1, 4, 11 [114 Cal.Rptr. 753, 523 P.2d 1161].) Thirdly, a stay will conserve judicial and other resources which would otherwise be consumed in litigation of some issues which will likely be resolved by administrative action.

The Commission investigation will not necessarily encompass all issues of fact and law raised by real parties' complaint. But it certainly involves a central issue, the adequacy of petitioner's 976 IAS call-counting practices. And we are informed by real parties that the scope of the issues to be investigated is itself a question still under Commission review.

It may be that subsequent developments in the administrative proceedings will make the stay unnecessary. (See *Shernoff* v. *Superior Court* (1975) 44 Cal.App.3d 406 [118 Cal.Rptr. 680].) But with the Commission investigation in its current stage, it was an abuse of discretion for respondent court

to deny defendant's motion to stay the action pending resolution of the Commission investigation.

■ This is a proper case for issuance of a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].) All parties were informed by order that this court was considering issuing a peremptory writ in the first instance. The case having been fully briefed, issuance of an alternative writ would add nothing to the exposition of the issues.

Let a peremptory writ of mandate issue, directing respondent court to vacate its order of August 13, 1986, denying petitioner's motion for an order staying the action until the California Public Utilities Commission completes its currently pending investigation of 976 IAS, and to enter a new and different order granting the motion.