[No. B033467. Second Dist., Div. Five. Oct. 13, 1989.]

RONALD L. CUMMINGS, Plaintiff and Appellant, v. CITY OF VERNON, Defendant and Respondent.

COUNSEL

Richard J. Silber for Plaintiff and Appellant.

David B. Brearley, City Attorney, and J. David Fitzsimons for Defendant and Respondent.

OPINION

ASHBY, J.—Appellant Ronald L. Cummings, formerly employed as a firefighter by respondent City of Vernon, filed a petition for writ of administrative mandamus (Code Civ. Proc., § 1094.5)[1] seeking judicial review of a decision by the city council that appellant is not entitled to a disability pension. The trial court denied the petition on the ground it is barred by the statute of limitations in section 1094.6, subdivision (b), because the petition was filed more than 90 days after the date of the city council's decision.

We reverse. Construing section 1094.6, we hold that the 90-day period in subdivision (b) does not commence to run until the notice required by subdivision (f) is given, therefore appellant's petition was timely filed.

### CODE OF CIVIL PROCEDURE SECTION 1094.6

If a local agency has by ordinance or resolution adopted section 1094.6 as the applicable rule, then judicial review of any decision by the local agency

---

[1] All section references hereafter are to the Code of Civil Procedure unless otherwise indicated.

"may be had pursuant to Section 1094.5 of this code only if the petition for writ of mandate pursuant to such section is filed within the time limits specified in this section." (§ 1094.6, subds. (a), (g).)

"Any such petition shall be filed not later than the 90th day following the date on which the decision becomes final. If there is no provision for reconsideration of the decision . . . the decision is final on the date it is made." (§ 1094.6, subd. (b).)

"In making a final decision . . . the local agency shall provide notice to the party that the time within which judicial review must be sought is governed by this section." (§ 1094.6, subd. (f).)

## FACTS

Pursuant to a previous writ of mandate, the city council held evidentiary hearings on appellant's retirement application on March 18, April 15, June 24, July 15, September 16, and October 7, 1986, and the matter was submitted for the council to make its decision during its regular city council meeting of December 9, 1986.

On December 9, 1986, the city council made its decision denying appellant's disability retirement and finding that he was not incapacitated from performance of duties.

On December 19, 1986, the city attorney wrote to appellant's attorney as follows: "PLEASE TAKE NOTICE that the City Council of the City of Vernon on December 9, 1986, adopted Resolution No. 5346 denying Mr. Cummings' application for disability retirement. Enclosed please find a copy of said Resolution. [¶] PLEASE TAKE FURTHER NOTICE that the City Council by Resolution No. 4855 adopted on November 17, 1981, established Section 1094.6 of the Code of Civil Procedure as the procedural rule to be followed by persons seeking judicial review of administrative orders or decisions made by the City Council. Therefore, the time within which your client, Mr. Cummings, may seek judicial review is governed by Section 1094.6 of the Code of Civil Procedure."

Appellant's petition under section 1094.5 was filed on March 13, 1987, which is more than 90 days after the city council's December 9 decision, but less than 90 days after the city attorney's December 19 notice. Therefore this case squarely hinges on the issue whether the 90-day period runs from the date of the decision or the date of the notice.

## DISCUSSION

We hold that in order to effectuate the legislative intent of section 1094.6, the decision of the local agency does not become final for the purpose of subdivision (b) until the notice required by subdivision (f) is given.

First we look to the language of the statute itself. Subdivision (b) states that the petition "shall be filed not later than the 90th day following the date on which *the decision becomes final*." (Italics added.) Subdivision (b) also defines various circumstances under which the decision is considered final, including that "[i]f there is no provision for reconsideration of the decision . . . the decision is final on the date it is made."

In construing the statute, however, we must consider all of its subdivisions and attempt to harmonize them if possible. (*Pitney-Bowes, Inc.* v. *State of California* (1980) 108 Cal.App.3d 307, 313 [166 Cal.Rptr. 489].) Subdivision (f) states that "[i]n *making a final decision* . . . the local agency shall provide notice to the party that the time within which judicial review must be sought is governed by this section." (Italics added.) This unusual language, "in making," reasonably implies that providing the notice is an essential condition for the decision to become final. At the very least, subdivisions (b) and (f) are ambiguous when considered together.

In light of the background of this statute we conclude the Legislature intended the period to run from the date of giving notice. The legislative background and the purpose of section 1094.6 were discussed in *Hittle* v. *Santa Barbara County Employees Retirement Assn.* (1985) 39 Cal.3d 374, 386-387 [216 Cal.Rptr. 733, 703 P.2d 73]. Prior to enactment of section 1094.6, petitions for administrative mandamus to review local agency decisions were subject to the general statutes of limitations, which were three years for statutory liability and four years for other cases unless otherwise specified. (*Id.* at p. 386.) Courts criticized these periods as unduly long, and section 1094.6 was the legislative response to this problem. It gave local agencies the *option* of adopting, by ordinance or resolution, a 90-day limitation period for seeking judicial review of their administrative decisions. (*Id.* at pp. 386-387.)

This background makes clear the importance of the notice requirement in subdivision (f). Without the enactment of section 1094.6 and adoption of section 1094.6 by local ordinance or resolution, the applicable statute of limitations would be three years or four years. The Legislature considered it vitally important that parties be notified a 90-day period is applicable instead.

Since the application of section 1094.6 drastically reduces the statute of limitations, we should avoid an interpretation which shortens the period even further. In *Hittle* v. *Santa Barbara County Employees Retirement Assn., supra,* 39 Cal.3d at page 387, the court held that section 1094.6 impliedly prohibits the local agency from adopting a limitation period *shorter* than 90 days. If the period in section 1094.6 were to run from the date of the decision regardless of the date of notice, any substantial delay in giving the notice would, as a practical matter, substantially reduce the actual time available for preparing a petition. Since section 1094.6 benefits local agencies by reducing the statute of limitations, requires local agencies to give the notice, and impliedly prohibits local agencies from adopting a shorter limitation period, it should not be interpreted in a way which permits local agencies to shorten the period even further by delaying the notice. This is avoided if the local agency's decision does not become final for the purpose of subdivision (b) until the notice required by subdivision (f) is given. This interpretation encourages prompt notice, assures that all plaintiffs will have substantially all of the 90-day period in which to prepare, and avoids uncertain and unnecessary case-by-case litigation over whether the delay was so prejudicial as to give rise to estoppel.

Although this interpretation is supported by language in *Foster* v. *Civil Service Com.* (1983) 142 Cal.App.3d 444, 450, 451, 452 [190 Cal.Rptr. 893], we do not rely upon *Foster* since this language is dictum. The delay between the date of decision and the date of the notice was not an issue in *Foster*. The plaintiff filed the petition more than three years after either of those dates, and the issue was whether section 1094.6 applied at all. The court's discussion about the date the statute became "applicable" and "operational" was on the issue whether the 90-day limit could be applied retroactively where the plaintiff's original discharge from employment occurred prior to enactment of the local ordinance adopting section 1094.6. (*Id.* at pp. 451-452.)

Our interpretation is consistent with *Tielsch* v. *City of Anaheim* (1984) 160 Cal.App.3d 576 [206 Cal.Rptr. 740], on which respondent relies. In *Tielsch,* as in *Foster,* the case did not turn upon whether the period runs from the date of decision or the date of giving notice. In *Tielsch* the decision was made on March 23, 1983, and the notice was mailed the next day. The plaintiff filed his petition more than 90 days after either of those dates. (*Id.,* at p. 578 & fn. 3.) The issue in *Tielsch* was whether the time was extended for an *additional* five days from the mailing of the notice by virtue of section 1013, subdivision (a), an unrelated statute involving service of documents by mail. (*Id.* at p. 578.) The *Tielsch* court held that section 1013 does not extend the 90-day period in section 1094.6 by an additional five days. (*Id.* at

pp. 578-580.)[2] Our holding, that the Legislature intended a plaintiff to have 90 days from the mailing of the notice (assuming notice is by mail) is consistent with the holding of *Tielsch* that a plaintiff does *not* have 95 days.

In the present case, appellant filed his petition in superior court on March 13, 1987, less than 90 days after the notice dated and apparently mailed on December 19, 1986, and therefore the petition was not barred by section 1094.6 as properly construed.

The judgment is reversed. Costs on appeal are awarded to appellant.

Lucas, P. J., and Boren, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 21, 1989.

---

[2] *Tielsch* pointed out that (1) section 1013 does not normally extend a statute of limitations, since section 1013 extends time for parties, not courts, to act; (2) section 1013 has been held inapplicable when the operative statute does not expressly require service to be made by mail; and (3) "service" is a term of art in section 1013 which is not necessarily synonymous with notice or issuance of a decision, and when the Legislature intends the limitation to run from the time of "service" it has said so. (160 Cal.App.3d at pp. 578-580.) None of these rationales is inconsistent with our holding that the Legislature, by using the language "in making the final decision . . ." in subdivision (f), intended the giving of notice to be a condition of a "final" decision in subdivision (b).