[No. F016015. Fifth Dist. Jan. 9, 1992.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
JOEL ANTHONY BRENT, Real Party in Interest.

COUNSEL

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Edward R. Jagels, District Attorney, and Michael Yraceburn, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Gregory H. Mitts for Real Party in Interest.

OPINION

HARRIS, J.—

### INTRODUCTION

The People have filed a writ petition after the superior court granted the defendant's motion to dismiss forfeiture proceedings and to return $3,455 in United States currency. On June 27, 1991, we granted an order to show cause.

## Facts and Proceedings Below

Joel Anthony Brent was arrested in Bakersfield with illegal narcotics in his possession and $3,455 in cash. Criminal proceedings followed. On August 17, 1990, his defense counsel successfully moved to have both the illegal narcotics and the cash suppressed pursuant to Penal Code section 1538.5. The People filed an appeal in the criminal action. On January 2, 1991, the People voluntarily dismissed their appeal from the trial court's granting of the defendant's suppression motion.

The People initiated the instant proceedings with a petition for forfeiture filed on June 5, 1990. The petition sought forfeiture to the State of California of the $3,455 in United States currency. Though the defendant Brent was represented by counsel in the criminal action, he responded to the People's forfeiture action in propria persona. On October 9, 1990 (after the suppression motion had been granted in the criminal action), the People, pursuant to Code of Civil Procedure section 2033, propounded a request for admissions on Brent in propria persona. Brent was told that he was requested to admit the truthfulness of each of the facts set forth.

Request No. 1 stated that Brent was involved in the sales of a controlled substance at the time his property was seized. Request No. 2 stated that the property subject to the forfeiture was furnished or intended to be furnished in exchange for a controlled substance. Request No. 3 stated that the property was obtained in exchange for a controlled substance. Request No. 4 stated that the defendant property [$3,455 in United States currency] was used or intended to be used to facilitate the possession for sale, sales, manufacturing, transportation or the conspiracy to sell, transport or manufacture a controlled substance. Brent did not answer or otherwise respond to the request.

On December 21, 1990, the People filed and served a notice of motion for order that the request for admissions be deemed admitted and for sanctions. The hearing was set for January 15, 1991.

Brent made no appearance at the hearing. The People's motion to have the requested admissions deemed admitted was granted. Brent was sanctioned for failing to comply with the People's request for discovery.

Brent then secured the services of the attorney who represented him in the criminal action. Counsel noticed a motion for return of property and dismissal of the forfeiture proceedings. The People filed opposition to Brent's motion.

The hearing was conducted on April 17, 1991. At the hearing the argument centered on a single question: whether or not the admissions could serve as

an independent basis of proof in the People's forfeiture action apart from the evidence that had been suppressed. The People argued that the admissions served as an independent basis of proof. Brent argued that the request for admissions were served after the evidence had been suppressed and the People's discovery emanated from a tainted transaction. Though Brent did not articulate that the discovery was fruit of the poisonous tree, this was the gist of his argument to the trial court.

The trial judge hearing the motion was Judge Randall, the same judge who had granted the People's motion to deem the request for admissions as admitted. Judge Randall expressed concern that the cases which found independent evidence as sufficient to sustain a forfeiture proceeding did so on the basis of outside evidence separate and unrelated to the evidence that was suppressed. In those cases, the People had, for example, secured the testimony of an informant or had seized other contraband in addition to that which was suppressed. (*United States* v. *Property at 4492 S. Livonia Rd., Livonia* (2d Cir. 1989) 889 F.2d 1258, 1260-1261, 1265-1266; *United States* v. *One 1985 Cadillac Seville* (9th Cir. 1989) 866 F.2d 1142, 1146-1147.) Judge Randall agreed with Brent's characterization of the request for admissions as being derived directly from an illegal search and seizure. There was no way to break the continuum between the tainted evidence and the request for admissions themselves. On that basis Judge Randall granted Brent's motion to dismiss the forfeiture proceedings and to return the $3,455 in United States currency.

Thereupon, in the context of discussion as to whether they would appeal, the People requested a 20-day stay order. The People were concerned that "if the property is returned, Courts lose all jurisdiction." The trial court granted a 20-day stay order and informed counsel that he would "have to wait for your fee at least that long." The district attorney then inquired of the trial court as to whether he would be allowed to deduct the amount of the previous sanctions from the currency if they decided not to appeal. The trial court told the deputy district attorney that his office could deduct the sanctions from the amount. The minute order from this hearing stated that the motion was granted and stayed 20 days.

The People contend that the trial court "erred in concluding that the admissions were not 'independent' of the initial, illegal seizure." The People argue the admissions were "the result of an intervening independent act of the claimant, 'attenuating' the 'taint' of the initial illegality." We do not reach the merits of the People's contention or petition as we determine the petition was not timely filed. The defect is jurisdictional and for this reason we will dismiss the petition.

DISCUSSION

█ The People's petition for forfeiture was filed pursuant to Health and Safety Code section 11470 et seq. Section 11488.4 of the Health and Safety Code provides the procedural scheme for initiation and adjudication of forfeiture proceedings. We note the applicable version of the statute is in effect until a different one takes effect on January 1, 1994. Subdivision (g)(1) of section 11488.4 provides in pertinent part for the procedure for a claimant to move the court "for the return of the property." Subdivision (g)(1) further provides that upon appropriate showing the court "shall order the property returned to the owner."

Health and Safety Code section 11488.4, subdivision (g) creates two procedural options for challenging the forfeiture of property. Under subdivision (g)(1), a "claimant" alleging standing based on an interest in property may seek return of the property. Under subdivision (g)(2), a defendant may bring a motion to return property in conjunction with a Penal Code section 1538.5 motion. No language in subdivision (g)(1) restricts that motion procedure to third party claimants. We find that under the current version of section 11488.4, a criminal defendant may file a motion for return of property under either subdivision (g)(1) or subdivision (g)(2).
█ Contrary to the People's contention during oral argument, we further find that the instant motion was not a common law motion but was a motion brought pursuant to subdivision (g) in accordance with the forfeiture statutes.[1]

It is next provided that "[w]ithin 30 days after a motion for return of property is *granted* pursuant to subdivision (g), the people may file a petition for writ of mandate or prohibition seeking appellate review of the order." (Health & Saf. Code, § 11488.4, subd. (h), italics added.) This time limit applies to both subdivision (g)(1) and (g)(2) motions.

The issue we must address in the instant case is whether the People's petition was timely filed and, if not, whether this court has jurisdiction in the matter. Brent's motion for return of property and dismissal of pending

---

[1]The People's petition herein was based upon the underlying motion being brought and order entered pursuant to section 11488.4, subdivision (g) of the Health and Safety Code. This position is evidenced by the following statements in the petition: (1) "This is a simple case which presents two issues . . . . The first is whether the Fourth Amendment Exclusionary Rule should apply to exclude evidence in a *civil* forfeiture proceeding under the Health and Safety Code . . . ." and (2) "REVIEW AND RELIEF IS AUTHORIZED AND APPROPRIATE IN THIS CASE [¶] Patently an appeal does not lie from a pretrial order for return of property. However, writ review of such an order pursuant to Health and Safety Code section 11488.4(g) is specifically authorized by statute (Health & Saf. Code § 11488.4(h))." We note that the apparent change in the People's position occurred only after this court requested additional briefing on the issue of timeliness which had not been previously raised by either party.

forfeiture proceedings was heard and granted on April 17, 1991. The People filed their writ petition on June 5, 1991. Thus, 49 days elapsed between the order granting the motion and the filing of the writ. Rote calculation reveals that unless on some basis the 30-day period commenced running on a date later than April 17, the People, under Health and Safety Code section 11488.4, subdivision (h), were 19 days late in filing their petition.

We first address the question of whether the time limit provided by Health and Safety Code section 11488.4, subdivision (h) is jurisdictional. Legal analysis of forfeiture proceedings is complicated by the fact that they are both quasi-civil and quasi-criminal in nature. This is recognized by the forfeiture statute itself. The provisions of the Code of Civil Procedure shall be applied to forfeiture proceedings except to the extent they are otherwise "inconsistent with the provisions or procedures set forth in this chapter." (Health & Saf. Code, § 11488.4, subd. (i).)

To add perspective to time limitations on appellate court jurisdiction, comparison can be drawn between appeals and different kinds of writ proceedings. ■ Normally, the act of filing an appeal stays proceedings in the trial court upon the judgment or order appealed from. (Code Civ. Proc., § 916, subd. (a).) Though a trial court retains jurisdiction to modify interlocutory judgments, to modify a judgment pursuant to a statute, or to stay execution of judgment, the act of filing an appeal normally divests the trial court of any jurisdiction over the action. The purpose of this rule is to protect the jurisdiction of appellate courts. (*In re Marriage of Horowitz* (1984) 159 Cal.App.3d 377, 381-383 [205 Cal.Rptr. 880].) ■ Other than extending the period of time by way of motion for new trial, which is governed by statute as well as rules of court, trial courts and appellate courts cannot extend the jurisdictional time limits for appeals without express statutory authorization. (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 666, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].)

■ Writ proceedings are not appeals. Generally, writ actions are discretionary. Courts exercise their discretion to entertain writs sparingly. (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379].) A writ action can be heard because of widespread interest and/or conflicts in Courts of Appeal. (*Brandt* v. *Superior Court* (1985) 37 Cal.3d 813, 816 [210 Cal.Rptr. 211, 693 P.2d 796].) ■ Where there is otherwise no statutory authority or time limit in filing a writ, it must usually be filed within 60 days. Courts have the discretion to hear a writ petition beyond the 60-day time limit following a trial court's order, but it will not normally be exercised. (*Popelka, Allard, McCowan & Jones* v. *Superior Court* (1980) 107 Cal.App.3d 496, 499 [165 Cal.Rptr. 748]; *Pacific Bell* v. *Superior Court* (1986) 187 Cal.App.3d 137, 139-141 [231 Cal.Rptr. 574].)

Some legislative schemes, such as in the instant case, however, specifically set forth time limits within which the parties must file a writ petition. Where a statute sets forth a specific time limit within which a writ petition must be filed, the failure to file a petition within that time limit has been held to be jurisdictional. Where the People seek review of a trial court's granting of a Penal Code section 1538.5 motion by way of a writ petition, the time limits of section 1538.5, subdivision (o) and its predecessor subdivision have been held to be jurisdictional. (*People* v. *Lankford* (1976) 55 Cal.App.3d 203, 207 [127 Cal.Rptr. 408] [disapproved on other grounds in *People* v. *Collins* (1976) 17 Cal.3d 687, 695, fn. 4 (131 Cal.Rptr. 782, 552 P.2d 742)]; *People* v. *Santa Clara County Superior Court* (1972) 29 Cal.App.3d 135, 137-139 [105 Cal.Rptr. 268]; *Clifton* v. *Superior Court* (1970) 7 Cal.App.3d 245, 252 [86 Cal.Rptr. 612].)

The 15-day time limit for review of a motion to set aside an information pursuant to Penal Code section 995 made under Penal Code section 999a has also been held to be a jurisdictional time limit. (*Aydelott* v. *Superior Court* (1970) 7 Cal.App.3d 718, 721 [86 Cal.Rptr. 713]; *Guerin* v. *Superior Court* (1969) 269 Cal.App.2d 80, 82-85 [75 Cal.Rptr. 923]; *Curtis* v. *Superior Court* (1950) 100 Cal.App.2d 589 [224 P.2d 65].)

Where, on the other hand, a statute sets forth internally an exception to a specific time limit for filing a writ petition, the existence of facts bringing the matter within the exception does not divest either the trial court or the appellate court of jurisdiction as long as the reason for the delay is the exception within the statute itself. This is the case in a Penal Code section 1510 petition for writ review where review is by the trial court and exceptions to the time limits appear in the statute. (*Rodriguez* v. *Superior Court* (1988) 199 Cal.App.3d 1453, 1459-1461 [245 Cal.Rptr. 617].)

The best example of a jurisdictional time limitation in a petition for writ review in the civil arena involves writ review of a trial court's order on a motion for summary judgment pursuant to Code of Civil Procedure section 437c, subdivision (*l*). This subdivision permits a petition for peremptory writ to an appellate court within 20 days after service of a written notice of entry of an order of summary judgment. Time limits are increased where service of the notice of the court's ruling is by mail. Also, for good cause shown, the trial court has jurisdiction under this subdivision to extend the time for filing a writ petition for one additional period not exceeding 10 days.

The time limitation for seeking appellate review by writ pursuant to Code of Civil Procedure section 437c, subdivision (*l*) is jurisdictional.

(*Abadjian* v. *Superior Court* (1985) 168 Cal.App.3d 363, 369 [214 Cal.Rptr. 234].) Where a trial court has properly exercised its jurisdiction to extend the time for filing a petition for writ review to no more than the extension period permitted by subdivision (*l*) of section 437c, a writ petition filed within that extension is timely because the statute itself authorizes an extension of time to be granted by the trial court. (*Schmidt* v. *Superior Court* (1989) 207 Cal.App.3d 56, 59, 62 [254 Cal.Rptr. 827].)

Where a party fails to file a writ petition within the statutory time limit set forth in subdivision (*l*) of section 437c, and where that party further fails to request an extension of time for filing the writ petition from the superior court, the failure to file the writ petition even by a single day is fatal because the time limits for writ review are jurisdictional. (*Eldridge* v. *Superior Court* (1989) 208 Cal.App.3d 1350, 1353-1355 [256 Cal.Rptr. 724].) ▮ We conclude that the time limit provision of Health and Safety Code section 11488.4, subdivision (h) likewise is jurisdictional.

The People next contend that the absence of a formal written order by the trial court left jurisdiction of this case in the trial court. The People argue that there was no final order causing the running of the 30-day time limit of subdivision (h) of Health and Safety Code section 11488.4. This argument is fundamentally unsound. We recognize that there are statutes which require the filing of written orders before an action is deemed final. There is, however, no such statutory requirement in section 11488.4.

▮ Where a court orders a clerk to enter a minute order, no formal writing signed by the court is necessary. (*Simmons* v. *Superior Court* (1959) 52 Cal.2d 373, 378-379 [341 P.2d 13].) Unless the trial court orders the preparation of a formal written order, it is well settled that the minute order is final and that all legal consequences ensue therefrom. (*McHale* v. *State of California* (1981) 125 Cal.App.3d 396, 399 [178 Cal.Rptr. 83].) ▮ The trial court here did not issue or direct preparation of a formal written order. The order granting the motion was made at the hearing in the presence of the parties, thus giving actual notice. In the absence of a statutory mandate that a written order be filed, we find that the commencement of the 30-day time limit of subdivision (h) of Health and Safety Code section 11488.4 was not prevented by the lack of a formal written order.

We do not find in the statutory language anything which would defer the "trigger date" from the time the order was "granted."

In *Cummings* v. *City of Vernon* (1989) 214 Cal.App.3d 919 [263 Cal.Rptr. 97], the court considered the time of commencement of the 90-day statute of

limitation period of Code of Civil Procedure section 1094.6, subdivision (b) pertaining to judicial review of decisions of local agencies. The court determined the following provisions of the statute to be relevant:

"If a local agency has by ordinance or resolution adopted section 1094.6 as the applicable rule, then judicial review of any decision by the local agency 'may be had pursuant to Section 1094.5 of this code only if the petition for writ of mandate pursuant to such section is filed within the time limits specified in this section.' (§ 1094.6, subds. (a), (g).)

" 'Any such petition shall be filed not later than the 90th day following the date on which the decision becomes final. If there is no provision for reconsideration of the decision . . . the decision is final on the date it is made.' (§ 1094.6, subd. (b).)

" 'In making a final decision . . . the local agency shall provide notice to the party that the time within which judicial review must be sought is governed by this section.' (§ 1094.6, subd. (f).)" (214 Cal.App.3d at pp. 920-921.)

The issue in *Cummings* was whether the 90-day period runs from the date of the decision or the date of the notice. The court found the Code of Civil Procedure section 1094.6, subdivision (f) notice to be an essential condition for the decision to be final and, based on a finding of legislative intent, determined the period ran from the date of giving notice. We find nothing in the procedural scheme of section 11488.4 of the Health and Safety Code providing for any such notice or, for that matter, any other evidence the Legislature intended to provide for commencement of the time limit at any date other than the date the order is "granted," i.e., the date the decision is made.

Nor does the section contain language such as is found in Code of Civil Procedure section 409.4 pertaining to writ review of an order granting or denying a motion to expunge a notice of pendency of action. That section provides in pertinent part: "The petition for writ of mandate shall be filed within 20 days after service of written notice of the order. However, the superior court may, for good cause, and prior to the expiration of the initial 20-day period, extend the time for one additional period not to exceed 10 days." Health and Safety Code section 11488.4 has no requirement for and makes no provision for commencement after service of written notice of the order, nor does it provide for any extension of the initial 30-day period. We conclude in the present case that unless affected by the 20-day stay order, the 30-day time limit of subdivision (h) of section 11488.4 started on April 17, 1991.

Petitioner contends the trial court's stay order of 20 days abated any further action until the end of the stay. Under such construction, the filing of the instant petition 29 days after the stay order expired would mean that the petition was filed within 30 days as required by current Health and Safety Code section 11488.4, subdivision (h).

The flaw in such a construction, however, is that the underlying purpose of the stay order was directed solely to the return of the property to Brent. This was clear in the discussion between the trial court, the deputy district attorney and defense counsel. The deputy district attorney explained that he wanted the stay because once the property that is subject to forfeiture is returned to the party, the court loses all jurisdiction over that property. The People's fear that the trial court would lose jurisdiction over the money once it was returned to the defendant was well founded. ■ Because forfeiture proceedings are similar to in rem proceedings, courts absolutely lose jurisdiction over the res once it is returned. (*People* v. *$6,500 U.S. Currency* (1989) 215 Cal.App.3d 1542, 1546-1549 [264 Cal.Rptr. 294].)

■ "The trial judge has no inherent power to give a stay pending appeal, except to the extent permitted by statute. (*Mannix* v. *Superior Court* (1910) 157 C. 730, 731, . . .)" (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 176, pp. 188-189.) ■ It appears clear to us that the stay ordered by the trial court, though not specifically so labeled, was a stay of enforcement of the judgment or order under Code of Civil Procedure section 918.[2] We do not find nor has petitioner pointed us to any other applicable stay provision. Nor do we find any authority to the effect that the granting of a section 918 stay tolls the time within which a notice of appeal, or in this case the writ petition, can be filed. The language of subsection (b) presumes the time is not tolled. "[A] trial court shall not have power . . . to stay the enforcement . . . for a period which extends for more than 10 days beyond the last date on which a notice of appeal could be filed."

Health and Safety Code section 11488.4, subdivision (h) does not create any discretion in the trial court to extend jurisdiction. Unlike subdivision (*l*) of Code of Civil Procedure section 437c, section 11488.4 has no internal

---

[2]Code of Civil Procedure section 918 provides:

"(a)   Subject to subdivision (b), the trial court may stay the enforcement of any judgment or order.

"(b)   If the enforcement of the judgment or order would be stayed on appeal only by the giving of an undertaking, a trial court shall not have power, without the consent of the adverse party, to stay the enforcement thereof pursuant to this section for a period which extends for more than 10 days beyond the last date on which a notice of appeal could be filed.

"(c)   This section applies whether or not an appeal will be taken from the judgment or order and whether or not a notice of appeal has been filed."

provision that permits the trial court to extend the time in which a writ petition is filed. Absent authorization within the statute itself, trial courts cannot extend the time in which a party may file a petition. In this respect writ procedure is similar to appellate procedure.

Without any express statutory provision extending or expanding the time limits within subdivision (h) of Health and Safety Code section 11488.4, there is no basis to construe the trial court's stay order as extending the time requirements for the People to file a writ petition for appellate review in this court.

Furthermore, the stay order was directed to enforcement—the time of return of the $3,455. The stay order did not purport to extend or expand the time in which the People could file a petition for writ review. The trial court's stay did nothing more than delay the return of the property to defendant Brent until such time as a timely writ petition could be perfected in our court.

In the instant case the 30-day period provided by Health and Safety Code section 11488.4, subdivision (h) commenced running on April 17, 1991, and expired 30 days thereafter. Petitioner's writ proceeding was not filed within that period and thus was not timely filed. The defect, being jurisdictional, is fatal.

### DISPOSITION

The order to show cause granted on June 27, 1991, is discharged.

Petitioner's petition for writ of mandate/prohibition is dismissed.

Ardaiz, Acting P. J., and Buckley, J., concurred.

A petition for a rehearing was denied February 6, 1992, and respondent's petition for review by the Supreme Court was denied March 25, 1992.