[No. G041453. Fourth Dist., Div. Three. Aug. 11, 2009.]

In re ANTHONY PATRICK ANTILIA on Habeas Corpus.

## COUNSEL

Marri Derby, Alternate Defender, and Dave Dziejowski, Deputy Alternate Defender, for Petitioner Anthony Patrick Antilia.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Kevin Vienna and David Delgado-Rucci, Deputy Attorneys General, for Respondent State of California.

## OPINION

FYBEL, J.—

### I.

#### INTRODUCTION

We hold the constructive filing doctrine of *In re Benoit* (1973) 10 Cal.3d 72 [109 Cal.Rptr. 785, 514 P.2d 97] (*Benoit*) applies to a petition for writ of mandate or prohibition under Penal Code section 1405, subdivision (j),[1] challenging a postjudgment order denying a motion to conduct DNA testing. Because Anthony Patrick Antilia satisfied the requirements for constructive

[1] All further code references are to the Penal Code unless otherwise noted.

filing, we grant his petition for writ of habeas corpus and deem his notice of appeal filed in December 2008 to constitute a timely filed petition for writ of mandate under section 1405, subdivision (j).

■ Pursuant to section 1405, subdivision (j), an order granting or denying a motion for performance of DNA testing is subject to appellate review only through a petition for writ of mandate or prohibition filed within 20 days after the order granting or denying the motion. Antilia asked his counsel to seek appellate review of the trial court's order denying, in part, his motion for DNA testing. His counsel promised to do so but did not file a writ petition in the statutorily required timeframe. Instead, counsel filed a notice of appeal about two months after the order was entered.

We ordered Antilia to submit a letter brief addressing our jurisdiction to hear his appeal. In response, Antilia filed a letter brief and a petition for writ of habeas corpus asking that we invoke the constructive filing doctrine of *Benoit* and issue a writ of habeas corpus deeming the notice of appeal, the letter brief, and the petition for writ of habeas corpus as a constructively filed petition for writ of mandate under section 1405, subdivision (j). We issued an order to show cause, and the Attorney General answered Antilia's petition for writ of habeas corpus.

Antilia's habeas corpus petition is, in effect, a request for a declaration Antilia constructively filed a petition for writ of mandate under section 1405, subdivision (j). That is an appropriate use of habeas corpus. (See *In re Walters* (1975) 15 Cal.3d 738, 744 [126 Cal.Rptr. 239, 543 P.2d 607] ["habeas corpus is an appropriate procedure for disposing of the present case since it can be used by petitioner to obtain a declaration of rights in the prevailing circumstances"]; *In re Gonsalves* (1957) 48 Cal.2d 638, 639 [311 P.2d 483] [habeas corpus proper to obtain declaration that notice of appeal was constructively filed]; 6 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Criminal Writs, § 17.)

## II.

### ALLEGATIONS OF THE PETITION AND PROCEDURAL HISTORY

In June 1993, the Orange County District Attorney filed an information charging Antilia with one count of murder (§ 187, subd. (a)) and alleging the offense was a serious felony (§ 1192.7, subd. (c)(1)). The information also alleged Antilia had two prior prison term convictions. (§ 667.5, subd. (b).)

In December 1993, a jury found Antilia guilty of first degree murder. The jury found the two prior prison term convictions to be true but merged them

into one. In January 1994, the trial court sentenced Antilia to a prison term of 25 years to life with the possibility of parole for the murder, and to an additional term of one year for the prior prison term enhancement. The verdict and sentence were affirmed on appeal.

In September 2005, Antilia filed a motion to conduct DNA testing. The court appointed the alternate defender to represent Antilia after the public defender declared a conflict. In July 2007, the alternate defender filed a motion for postconviction DNA testing in accordance with section 1405. The motion requested DNA testing of 10 items.

The matter was assigned to the Honorable Gregg L. Prickett because the original trial judge was unavailable. Judge Prickett heard argument on April 18, June 13, and July 11, 2008, issued a tentative ruling on August 26, and heard final argument on October 10.

On October 31, 2008, a minute order was entered making Judge Prickett's tentative ruling the order on Antilia's motion for DNA testing. The order granted DNA testing of five items: (1) a grocery bag found around the victim's head; (2) handcuffs found around the victim's hands; (3) the victim's shoelaces; (4) a steak knife found on the side of Antilia's residence; and (5) a crowbar. The order denied DNA testing of the following five items on the ground Antilia made an insufficient showing under section 1405: (1) duct tape; (2) a handcuff pouch; (3) towels; (4) door and wall splatters; and (5) boots and pants.

Antilia, who remained incarcerated, asked his counsel to "pursue appellate relief regarding the partial denial of his motion." His counsel "promised and represented to [Antilia] that [he] would pursue appellate relief."

On December 29, 2008, Antilia's counsel filed a notice of appeal from the October 31, 2008 order partially denying the motion for DNA testing. The appeal was docketed as case No. G041410. We issued an order requesting a letter brief addressing our jurisdiction over the appeal. In response, on January 12, 2009, Antilia's counsel filed (1) a letter brief acknowledging lack of appellate jurisdiction and (2) a petition for writ of habeas corpus seeking relief under Benoit, supra, 10 Cal.3d 72. Antilia's writ petition asks that we "issue a writ of habeas corpus deeming the Notice of Appeal filed on December 29, 2008, the letter brief filed on January 12, 2009, and this Petition for Writ of Habeas Corpus as constructive filing of a Writ of Mandate" and "order the filing of the required supporting documents and Point[s] and Authorities required for the Writ to be considered, or, in the alternative, granting petitioner leave to file a writ of mandate."

We issued an order to show cause, and, in response to our invitation, the Attorney General filed an answer to the petition. After Antilia filed a reply, we ordered the matter submitted.

## III.

### DISCUSSION

 Section 1405, subdivision (a) authorizes an incarcerated felon to make a written motion for performance of DNA testing. An order granting or denying a motion for performance of DNA testing "shall not be appealable, and shall be subject to review only through petition for writ of mandate or prohibition." (§ 1405, subd. (j).) "The petition shall be filed within 20 days after the court's order granting or denying the motion for DNA testing." (*Ibid.*)

Antilia did not file a petition for writ of mandate or prohibition within 20 days of the October 31, 2008 order partially denying his motion for DNA testing. Instead, he filed a notice of appeal on December 29, 2008, and filed this petition for writ of habeas corpus on January 12, 2009.

### A. The Constructive Filing Doctrine

The California Supreme Court first enunciated the doctrine of constructive filing in *People v. Slobodion* (1947) 30 Cal.2d 362 [181 P.2d 868], in which prison employees negligently delayed mailing a prisoner's notice of appeal until after the expiration of the time period prescribed for filing a notice of appeal. The Supreme Court held the prisoner had constructively filed the notice of appeal within the prescribed time period because he delivered the notice to state prison employees for mailing six days before that time period expired. (*Id.* at pp. 366–367.)

In *Benoit, supra,* 10 Cal.3d 72, the California Supreme Court extended the doctrine of constructive filing to situations in which an incarcerated appellant relied on counsel's promise to file a notice of appeal. In that case, petitions for writ of habeas corpus filed by two defendants asserted they had relied on their trial attorneys' express promises to timely file notices of appeal on their behalf. (*Id.* at pp. 76–77.) Though incarcerated, both defendants made diligent efforts within the time period for filing the notices of appeal to make sure the attorneys fulfilled their promises. (*Id.* at pp. 76, 88–89.) Due to circumstances beyond the control of either defendant, the notices of appeal were not filed until after the time period for filing the notices of appeal had expired. (*Id.* at pp. 77–78.)

In granting the habeas corpus petitions, the California Supreme Court first rejected the argument that the 1972 amendment to California Rules of Court, former rule 31(a) abrogated the doctrine of constructive filing. (*Benoit, supra,* 10 Cal.3d at pp. 78–85.) That amendment lengthened the time period for filing the notice of appeal from 10 to 60 days and eliminated the procedure for relief from late filing of a notice of appeal. (*Id.* at pp. 84–85.) The court stated: "Nowhere in this revised procedure, however, do we perceive an intention to clothe the general jurisdictional rule with an absolute character so as to foreclose all excuses for late filing." (*Id.* at p. 85.)

■ The Supreme Court then concluded the doctrine of constructive filing should be extended to situations in which the defendant is incarcerated and has asked trial counsel to file a notice of appeal: "[W]e can see some reason to excuse a prisoner unlearned in the law who has relied upon the assurance of his trial counsel that the notice of appeal will be timely filed by the latter since the prisoner would be more justified in relying on his counsel who had represented him and might have some continuous concern for him than upon a prison official who was not an attorney and had no familiarity with his case. . . . [W]e can well understand the inclination of a defendant . . . under sentence and facing the restraint of jail or prison, to rely on his trial counsel for assistance. And we can also understand how in such circumstances such an appellant may be lulled into a false sense of security in believing that an attorney—especially his trial attorney—will carry out his undertaken task. In such situations, therefore, and where the circumstances are compelling, we think that the principle of constructive filing *may* be properly applicable so as to constitute compliance with [California Rules of Court, former] rule 31(a)." (*Benoit, supra,* 10 Cal.3d at pp. 86–87, fn. omitted.) The court stated, however, an incarcerated defendant cannot invoke constructive filing "when the defendant has displayed no diligence in seeing that his attorney has discharged this responsibility." (*Id.* at p. 89.)

The Supreme Court concluded both defendants were entitled to have their appeals deemed constructively filed because they reasonably relied on their respective trial counsel's express promise to file a notice of appeal and, in addition, made diligent though unsuccessful efforts to make sure counsel did so. (*Benoit, supra,* 10 Cal.3d at pp. 88–89; see also *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 669 [125 Cal.Rptr. 757, 542 P.2d 1349] ["such efforts, if undertaken in a timely manner, were *in themselves* tantamount to actual filing of a timely appeal"].)

■ In *In re Chavez* (2003) 30 Cal.4th 643, 658 [134 Cal.Rptr.2d 54, 68 P.3d 347] (*Chavez*), the California Supreme Court declined to extend *Benoit* to a situation in which trial counsel did not agree to prepare or file a statement of reasonable grounds for appeal under section 1237.5 and never

consented to represent the defendant following his guilty plea. "When, as in the present case, the only delay attributable to the attorney consists of failing to inform the defendant as early as possible that he or she does not agree to represent the defendant on appeal, the doctrine of constructive filing of a notice of appeal does not apply." (*Chavez, supra,* 30 Cal.4th at p. 658.) Following *Chavez,* the court in *People v. Aguilar* (2003) 112 Cal.App.4th 111, 116 [4 Cal.Rptr.3d 802] declined to extend *Benoit* to a situation in which the defendants were not incarcerated, their counsel did not agree to prepare or file a statement of reasonable grounds for appeal, and the defendants did not make "diligent but futile efforts" to make sure their attorneys carried out that responsibility.

Recently, in *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106 [92 Cal.Rptr.3d 595, 205 P.3d 1047] (*Silverbrand*), a civil case, the California Supreme Court extended the prison-delivery rule to a 'self-represented prisoner. The court stated: "We long have recognized a 'well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases "when such can be accomplished without doing violence to applicable rules." ' [Citation.] '[T]here are many cases in which this policy, implemented in accordance with "applicable rules," will lead to a determination, based on construction and interpretation, that timely and proper notice of appeal must be deemed in law to have been filed within the jurisdictional period.' [Citation.] Although adhering to the established rule that the time for filing a notice of appeal is jurisdictional, these decisions seek to alleviate the harshness of the rule's application in certain compelling circumstances by holding that an appellant's efforts should be deemed to be a *constructive* filing of the notice within the prescribed time limits. [Citations.]" (*Id.* at pp. 113–114.)

### B. *Extension of the Constructive Filing Doctrine to Writ Petitions Under Section 1405, Subdivision (j)*

■ The constructive filing doctrine arose out of criminal appeals, which, as the Attorney General argues, are not the same as writ proceedings. When authorized by statute, an appeal may be taken as of right from a final judgment or appealable order (Cal. Const., art. VI, § 11; Code Civ. Proc., § 904.1, subd. (a)) and is considered a continuation of the action (Code Civ. Proc., § 1049). In the usual case, the act of filing a notice of appeal stays the trial court proceedings, and an appeal typically divests the trial court of jurisdiction over the action, except for jurisdiction to modify interlocutory judgments, modify a judgment pursuant to a statute, or stay execution of judgment. (*People v. Superior Court (Brent)* (1992) 2 Cal.App.4th 675, 682 [3 Cal.Rptr.2d 375].)

In contrast, writ proceedings are discretionary (*People v. Superior Court (Brent)*, *supra*, 2 Cal.App.4th at p. 682), are used to challenge interlocutory orders, and are original proceedings (Cal. Const., art. VI, § 10). An extraordinary writ will not be issued if the challenged order is directly appealable or if appeal from a final judgment provides an adequate remedy. (Code Civ. Proc., § 1086; *San Diego Gas & Electric Co. v. Superior Court* (1996) 13 Cal.4th 893, 912–913 [55 Cal.Rptr.2d 724, 920 P.2d 669]; *Pacific Tel. & Tel. Co. v. Superior Court* (1970) 2 Cal.3d 161, 169 [84 Cal.Rptr. 718, 465 P.2d 854]; *City of Oakland v. Superior Court* (1996) 45 Cal.App.4th 740, 750 [53 Cal.Rptr.2d 120].)

Despite these differences, a postjudgment petition for writ of mandate pursuant to section 1405, subdivision (j) is sufficiently similar to an appeal to justify application of the constructive filing doctrine. In December 1993, a jury found Antilia guilty of first degree murder, and he was sentenced in January 1994. He filed the initial motion to perform DNA testing in 2005. The order granting and denying the motion to perform DNA testing was not interlocutory, but was a final resolution of the only pending matter in the criminal case. Antilia could not challenge the order granting and denying the motion to perform DNA testing by appeal from the final judgment because it had been entered over 10 years earlier. In this situation, a petition for writ of mandate under section 1405, subdivision (j) challenging that order was the functional equivalent of a postjudgment appeal.

The legitimate concerns over excessive use of extraordinary writs expressed in *Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266 [258 Cal.Rptr. 66] do not arise when relief is sought from a postjudgment order denying DNA testing. In *Omaha Indemnity Co. v. Superior Court*, the Court of Appeal cautioned that "[w]rit relief, if it were granted at the drop of a hat, would interfere with an orderly administration of justice at the trial and appellate levels." (*Id.* at p. 1272.) Taking a " ' "lax" ' " view of extraordinary writs, the court warned, would pose the risk of delaying trials, "vexing litigants and trial courts with multiple proceedings, and adding to the delay of judgment appeals pending in the appellate court." (*Ibid.*) Those risks do not arise from applying the doctrine of constructive filing to a postjudgment petition for writ of mandate under section 1405, subdivision (j) because, as in this case, the trial will have been completed and judgment entered before the defendant seeks a writ of mandate challenging an order denying DNA testing.

The Attorney General argues the doctrine of constructive filing cannot apply to a petition for writ of mandate under section 1405, subdivision (j) because its time deadline is jurisdictional. A time limit prescribed by the Legislature for filing a petition for writ of mandate is jurisdictional. (E.g., *People v. Superior Court (Brent)*, *supra*, 2 Cal.App.4th at p. 683.) But the

time deadline for filing a notice of appeal is jurisdictional too. (*In re Jordan* (1992) 4 Cal.4th 116, 121 [13 Cal.Rptr.2d 878, 840 P.2d 983] ["Unless the notice [of appeal] is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal."]; *Estate of Hanley* (1943) 23 Cal.2d 120, 122–124 [142 P.2d 423].)

The constructive filing doctrine is relevant to postjudgment writ petitions under section 1405, subdivision (j) precisely because the time deadline for filing the petition is jurisdictional. The constructive filing doctrine was developed to "alleviate the harshness" of the jurisdictional rule in compelling circumstances. (*Silverbrand, supra*, 46 Cal.4th at p. 113.) Applying the constructive filing doctrine to this narrow category of postjudgment writ petitions under section 1405, subdivision (j) is consistent with that purpose. Indeed, alleviating the harshness of the jurisdictional rule in appropriate circumstances is particularly compelling for postjudgment writ petitions under section 1405, subdivision (j) because DNA testing can lead to the exoneration of a wrongly convicted inmate.

Our decision to permit constructive filing, under appropriate circumstances, of a writ petition under section 1405, subdivision (j) challenging a postjudgment order denying DNA testing is consistent with the Supreme Court's treatment of the doctrine. Since the constructive filing doctrine first appeared in *People v. Slobodion, supra*, 30 Cal.2d 362, the California Supreme Court has not strictly limited its application, but has applied it to situations justifying its purpose and meeting its factual requirements. Thus, *Benoit, supra*, 10 Cal.3d 72, extended constructive filing to the situation in which the incarcerated defendant relied on counsel's promise to file a notice of appeal, and *Silverbrand, supra*, 46 Cal.4th 106, extended the doctrine of constructive filing to civil appeals. In *Chavez, supra*, 30 Cal.4th 643, the court declined to apply constructive filing to a written statement of reasonable grounds for appeal under section 1237.5 only because the doctrine's factual requirements had not been met.

## C. *Factual Requirements for Constructive Filing*

Antilia satisfied the factual requirements for constructive filing. In support of the petition for writ of habeas corpus, Antilia's trial counsel submitted a declaration stating that Antilia asked him to "pursue appellate relief regarding the partial denial of his motion" and that counsel promised and represented to Antilia he would do so. Antilia's trial counsel filed a notice of appeal. Antilia would have no reason to believe the notice of appeal was not sufficient to seek appellate review of the partial denial of his motion and therefore could not be expected to make further efforts to make sure his counsel followed through on his representation.

## IV.

### DISPOSITION AND ORDER

We grant the petition for writ of habeas corpus and deem Antilia's notice of appeal filed on December 29, 2008, to constitute a timely and constructively filed petition for writ of mandate, pursuant to section 1405, subdivision (j), challenging the order denying, in part, Antilia's motion to conduct DNA testing. Antilia's petition for writ of mandate shall proceed under case No. G041410.

Rylaarsdam, Acting P. J., and Moore, J., concurred.