Filed 7/11/23  P. v. Tridente  CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079254 |
| v. | (Super.Ct.No. FVI19002457) |
| LUIGI TRIDENTE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kawika Smith, Judge.  Reversed with directions.

Matthew C. Tymann, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

## I. INTRODUCTION

In 2019, defendant and appellant Luigi Tridente pleaded no contest to attempted forcible rape (Pen. Code, §§ 664, subd. (a), 261, subd. (a)(2))[1] and admitted that he suffered a prior conviction qualifying as a strike offense (§ 667, subd. (b), (d)(2), (e)(1), 1170.12, subds. (b)(2), (c)(1)) in exchange for three years probation. In June 2022, the trial court found that defendant violated the terms of his probation based upon conduct that occurred in January and May of 2022, revoked defendant's probation, executed a previously suspended sentence, and ordered defendant committed to the state prison for eight years.

Defendant appeals from the order revoking his probation and executing the previously suspended sentence, arguing that the trial court lacked jurisdiction to revoke probation. According to defendant, Assembly Bill No. 1950 (2019-2020 Reg. Sess.; Stats. 2020, ch. 328, § 2) (Assembly Bill 1950) retroactively applies to his case to reduce his term of probation to two years and, as a result, the trial court was not authorized to revoke his probation after he had already served the maximum term permitted by law. The People concede that Assembly Bill 1950 applies retroactively to defendant's case. However, the People contend that reversal is not required because this case falls within a statutory exception to the two-year limitation set forth in the statute. Alternatively, the People contend that even if no statutory exception applies, the proper remedy is to remand the matter for resentencing, at which time the parties may withdraw or

---

[1] Undesignated statutory references are to the Penal Code.

2

renegotiate their plea because (1) the original order granting probation was itself unauthorized, and (2) renegotiation of the plea would conform to our Supreme Court's holding in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*).

We agree with the parties that Assembly Bill 1950 applies retroactively to this case. We further agree with defendant that the retroactive application of Assembly Bill 1950 operates to reduce defendant's term of probation to two years because no statutory exception applies and, as a result, the trial court's order revoking probation was in excess of its jurisdiction. With respect to the People's requested disposition, we conclude that we are without appellate jurisdiction to review any claims of error with respect to the original order granting probation and also conclude that the remedy provided in *Stamps* is not available under the specific circumstances of this case. Accordingly, we reverse the judgment with directions to (1) vacate the order revoking probation and executing the previously suspended sentence, and (2) enter new orders modifying defendant's term of probation to two years and terminating his probation.

## II. FACTS & PROCEDURAL HISTORY

Defendant was charged with attempted forcible rape (count 1; §§ 664, subd. (a), 261, subd. (a)(2)) and attempting to dissuade a witness (count 2; § 136.1, subd. (a)(2)), arising out of an incident that occurred in September 2019. The information also alleged that defendant had suffered a prior conviction qualifying as a strike offense. (§§ 667, subds. (b), (d)(2), (e)(1), 1170.12, subds. (b)(2), (c)(1)).

In November 2019, defendant entered into a negotiated plea agreement with the People in which he agreed to plead no contest to count 1 and admit as true the allegation

3

that he had suffered a prior conviction qualifying as a strike offense. Pursuant to the plea agreement, the trial court dismissed count 2; sentenced defendant to an eight-year prison term on count 1; and suspended execution of the sentence pending completion of three years of formal probation. Defendant's probationary term began on November 22, 2019.

On January 1, 2021, Assembly Bill 1950 became effective. (Stats. 2020, ch. 328, § 2.) As relevant here, Assembly Bill 1950 added section 1203.1 to the Penal Code, providing that the maximum term of probation for most felony offenses would be limited to two years. (§ 1203.1, subd. (a).)

On May 9, 2022, the probation department filed a petition to revoke defendant's probation, alleging that defendant engaged in conduct in violation of the terms of his probation in January and May 2022. On June 22, the trial court held a contested violation of probation hearing, found that defendant had violated the terms of his probation, revoked defendant's probation, and imposed his eight-year prison sentence. Defendant appeals from the order revoking his probation and executing the previously suspended sentence.

### III. DISCUSSION

A. *Issues Presented and Standard of Review*

On appeal, defendant claims that the retroactive application of section 1203.1, subdivision (a), to his case renders the trial court's order revoking probation an order in excess of its jurisdiction. The People counter that (1) the order granting probation was itself unauthorized; (2) defendant's case falls within a statutory exception to the two-year limitation on probation terms; (3) defendant should be estopped from disputing the

4

existence of a statutory exception to the limitation on probation terms; and (4) even in the event reversal of the order revoking probation is necessary, the appropriate remedy is to remand for resentencing with instructions to permit the People to withdraw from and renegotiate any plea.

The claims raised by the parties involve only questions of law, which are subject to either independent or de novo review. (*People v. Sallee* (2023) 88 Cal.App.5th 330, 336 [" 'The proper interpretation of a statute is a question of law we review de novo.' "], review granted Apr. 26, 2023, S278690; *People v. Mendoza* (2015) 241 Cal.App.4th 764, 773 [Whether a trial court acts in excess of jurisdiction in making a probation order is a question of law.]; *People v. Paredes* (2008) 160 Cal.App.4th 496, 507 [Interpretation of a plea agreement is governed by the same de novo standard of review applicable to interpretation of contracts.]; *People v. Miller* (2012) 202 Cal.App.4th 1450, 1456 [Where the facts are not in dispute, the appellate court reviews the application of the estoppel doctrine de novo as a question of law.].) Likewise, with respect to the appropriate disposition, this court is authorized to remand the matter to the trial court with instructions to conduct further proceedings as may be just under the circumstances. (§ 1260.)

B. *Review of the Order Granting Probation Is Beyond Our Appellate Jurisdiction in This Appeal*

Before reaching the merits of defendant's claim on appeal, we address the People's contention that we should set aside the order approving the no contest plea and restore the parties to the status quo prior to approval of the plea on the basis that the trial

5

court's grant of probation constituted an unauthorized sentence.[2] Despite the People's characterization of the issue as sentencing error, they have not identified any issue with the sentence actually imposed by the trial court. Instead, the act that the People challenge is the trial court's order suspending execution of an otherwise valid sentence in order to grant probation. Thus, their claim must properly be viewed as a request to review the propriety of the order granting probation. As we explain, we are without appellate jurisdiction in this appeal to review such a claim.

Under Section 1238, subdivision (d), the People are required to seek appellate review of an order granting probation by filing a writ of mandate or prohibition within 60 days after probation is granted. As this court has previously recognized, section 1238, subdivision (d), represents the People's "only avenue of review" of an order granting probation because "[t]he Legislature intends that such issues be resolved with all possible speed; . . . in the interests of justice a defendant should not be compelled to wait to discover that his probation was invalidly granted and that he must go to prison until *after* he has duly served at least a substantial amount of the required time on probation." (*People v. Superior Court (Dorsey)* (1996) 50 Cal.App.4th 1216, 1222; see *People v. Douglas* (1999) 20 Cal.4th 85, 93 ["[I]f the People seek, in substance, reversal of the probation order, the appeal is barred by subdivision (d)[;] however[,] they may attempt to label the order appealed from."].)

---

[2] We recognize that under Penal Code section 667, subdivision (c)(2), "[p]robation for the current offense shall not be granted, nor shall execution or imposition of the sentence be suspended for any prior offense."

6

In this case, the order granting probation was entered on November 22, 2019. Thus, the time to seek appellate review of this order has clearly lapsed, leaving us without appellate jurisdiction to review the merits of the claim. (*In re Antilia* (2009) 176 Cal.App.4th 622, 630 ["A time limit prescribed by the Legislature for filing a petition for writ of mandate is jurisdictional."]; *People v. Superior Court (Brent)* (1992) 2 Cal.App.4th 675, 683 ["Where a statute sets forth a specific time limit within which a writ petition must be filed, the failure to file a petition within that time limit has been held to be jurisdictional."].)

The fact that defendant has appealed from the order revoking his probation and executing his previously suspended sentence does not confer appellate jurisdiction to review alleged errors in the order granting probation. " ' "Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." ' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.) "[A]n order granting probation is deemed a 'final judgment' for the purpose of taking an appeal" (*People v. Chavez* (2018) 4 Cal.5th 771, 786), and "[a]n appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment" (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421).

This rule has been repeatedly applied to challenges to an order granting probation. (*People v. Ramirez*, *supra*, 159 Cal.App.4th at p. 1421 [A party "who elects not to appeal an order granting or modifying probation cannot raise claims of error with respect to the grant . . . of probation in a later appeal from a judgment following revocation of probation."]; *People v. Kelly* (2013) 215 Cal.App.4th 297, 307.) As explained by our

7

Supreme Court:  "If the People, instead of or in addition to [a section 1238] writ petition, file an appeal from some judgment or order other than the order granting probation, that appeal . . . may proceed regardless of whether the defendant was granted probation in the case.  On such an appeal, however, the appellate court may not reverse the order granting probation, even if the order appealed from was a prerequisite to probation eligibility."  (*People v. Douglas*, *supra*, at p. 94.)  Thus, as a separately appealable order, the order granting probation falls outside the scope of defendant's appeal from the order revoking probation.

To the extent the People suggest that this issue may fall within the unauthorized sentence rule, we disagree.  Generally, the unauthorized sentence doctrine holds that "claims involving 'unauthorized,' 'void,' or 'excessive' sentences, and sentences entered in 'excess of jurisdiction,' can be raised at any time."  (*People v. Scott* (1994) 9 Cal.4th 331, 354.)  However, "[i]n order to invoke the unauthorized sentence rule in the first instance, our Supreme Court has held the reviewing court 'must have jurisdiction over the judgment.' "  (*People v. Moore* (2021) 68 Cal.App.5th 856, 865; *In re G.C.* (2020) 8 Cal.5th 1119, 1130; *People v. King* (2022) 77 Cal.App.5th 629, 637 (*King*) ["The doctrine does not itself create jurisdiction for the . . . court to rule on a motion challenging the legality of a sentence."].)  "[I]f the fact that a sentence is unauthorized itself created jurisdiction . . . to change the sentence, a [party] could establish jurisdiction any time simply by filing a motion alleging an unauthorized sentence," and by doing so " 'revive lapsed jurisdiction by his own unilateral' " act "contravening the requirement of a timely notice of appeal."  (*King*, *supra*, at p. 639-640.)  Thus, the rule cannot be

8

invoked where there is "no correlation" between the alleged error and the current judgment or order on appeal. (*In re G.C.*, at p. 1130.)

As we have already explained, the order granting probation and the order revoking probation are separately appealable orders. Because the time to seek appellate review of the order granting probation has lapsed, any claim of error with respect to that order is outside the scope of this appeal, and the unauthorized sentence rule cannot be used to create appellate jurisdiction to review an issue where none otherwise exists. We therefore decline to consider the merits of the People's challenge to the underlying order granting probation and proceed to analyze defendant's substantive claim on appeal.

B. *The Order Revoking Probation Must Be Reversed*

    1. <u>Assembly Bill 1950 Applies Retroactively</u>

The Legislature enacted Assembly Bill 1950, effective January 1, 2021, which significantly changed the law governing probation. (*People v. Arreguin* (2022) 79 Cal.App.5th 787, 793.) " '[W]hereas previous law had authorized courts to grant a period of probation "not exceeding the maximum term for which the person could be imprisoned," Assembly Bill 1950 instead "authorize[s] a court to impose a term of probation not longer than 2 years, except as [otherwise] specified." ' " (*Ibid.*)

"Appellate courts are so far unanimous in holding that Assembly Bill 1950 applies retroactively to defendants who were serving a term of probation when the legislation became effective on January 1, 2021; in such cases, the courts have acted to reduce the length of their probation terms." (*People v. Faial* (2022) 75 Cal.App.5th 738, 743, review granted May 18, 2021, S273840; *People v. Shelly* (2022) 81 Cal.App.5th 181,

185-186 ["All appellate courts that have considered the issue . . . have held that Assembly Bill 1950's new limit on probation is ameliorative and . . . applies retroactively . . . ."], review granted Sept. 21, 2022, S276031.) The Courts of Appeal have also concluded that a defendant is entitled to the benefit of Assembly Bill 1950 even when serving a term of probation determined as part of a negotiated plea. (*People v. Butler* (2022) 75 Cal.App.5th 216, 225-226, review granted June 1, 2022, S273773; *Bowden v. Superior Court* (2022) 82 Cal.App.5th 735, 747; *People v. Flores* (2022) 77 Cal.App.5th 420, 453, review granted June 22, 2022, S274561; *Shelly*, at p. 190.)[3]

In light of these authorities, it is clear that defendant is entitled to the retroactive application of Assembly Bill 1950, which would reduce his term of probation to two years absent a statutory exception.

2.  No Statutory Exceptions to the Two-year Limitation Apply in This Case

The People do not dispute the retroactive application of Assembly Bill No. 1950, but instead argue that defendant's case should be deemed to fall within the exception provided in section 1203.1, subdivision (*l*)(1), which provides that the two-year limitation on probation does not apply when the underlying offense is one that is listed in section 667.5, subdivision (c). While the People concede that attempted rape is not an offense

---

[3] Because the proposition that Assembly Bill 1950 applies retroactively to persons already serving a term of probation has been thoroughly considered and decided by numerous published decisions by the Courts of Appeal, we deny both parties' requests seeking judicial notice of documents pertaining to the legislative history of Assembly Bill 1950's enactment in support of their arguments on this point. In our view, consideration of these materials is unnecessary to the resolution of this issue.

10

listed in section 667.5, subdivision (c), the People argue we should find that this exception applies because the facts disclosed at the time of defendant's preliminary hearing show defendant could have been charged with an assault with intent to commit rape in violation of section 220, subdivision (a)(1). We decline to do so.

The California Supreme Court has repeatedly explained that due process prohibits a defendant from being convicted of an uncharged crime unless the uncharged crime is a lesser included offense to a charged crime. (*People v. Reed* (2006) 38 Cal.4th 1224, 1227; *People v. Fontenot* (2019) 8 Cal.5th 57, 89-90 (dis. opn of Liu, J.).) When an offense "was neither charged nor necessarily included within the [charged offense], defendant's conviction . . . may not be sustained 'whether or not there was evidence . . . to show that he had committed that offense.' " (*People v. Lohbauer* (1981) 29 Cal.3d 364, 369.) Further, a no contest plea constitutes an admission only to the elements, allegations, and factors comprising the charge contained in the pleading (*People v. Palacios* (1997) 56 Cal.App.4th 252, 257), and a stipulation that a factual basis exists does not constitute a binding admission for other purposes (*People v. Rivera* (2021) 62 Cal.App.5th 217, 235; *People v. Banda* (2018) 26 Cal.App.5th 349, 359 [stipulation regarding factual basis for a plea "is an admission only of the facts necessary to the charged offense itself"]).

Because the People never charged defendant with assault in violation of section 220, subdivision (a)(1), defendant's plea cannot be construed as an admission or a de facto conviction regarding such an offense, but only an admission of the actual charged offense and any lesser included offense of the charged offense. It would offend basic

11

principles of due process to hold that defendant can be sentenced or subjected to conditions of probation as if he had committed an offense for which he was not and could not have been convicted.

The People also argue that, even if the offense for which defendant was convicted is not actually listed in section 667.5, subdivision (c), he should be estopped from claiming otherwise. Specifically, the People point out that the information included an allegation that count 1 constituted a "violent felony within the meaning of section 667.5, subdivision (c)" and, as such, defendant's plea constitutes an admission to this fact. However, nowhere in the plea agreement did defendant purport to admit to the truth of this allegation. On its face, the agreement states that defendant was pleading no contest to the allegation of attempted rape, listing specifically "PC 664/261(a)(2)" and one prior strike offense. The additional allegations that the offense constituted a serious felony or violent felony are not mentioned in the written plea agreement and were never referenced at the time the trial court accepted defendant's plea. Indeed, after acceptance of defendant's plea, the prosecutor moved to dismiss "any remaining counts *and allegations* pursuant to the plea."

Thus, we find no basis in the record to conclude that defendant admitted that the offense alleged in count 1 constituted a violent felony within the meaning of section 667.5, subdivision (c). Contrary to the People's assertion, the record suggests that this allegation was dismissed by the court, since it was not a required element of the offense specified in defendant's plea and was not an allegation specifically admitted as part of the

12

plea. Because the factual basis for the People's estoppel argument does not appear anywhere in the record, we find no basis to apply the principles of estoppel in this case.

Absent a recognized exception, defendant is entitled to the retroactive application of Assembly Bill 1950, and he was entitled to have his term of probation reduced to two years, as now specified in section 1203.1, subdivision (a).

3. The Order Revoking Probation Was in Excess of the Trial Court's Jurisdiction

Having concluded that defendant was entitled to have his term of probation reduced to two years pursuant to section 1203.1, subdivision (a), it is clear that the trial court's order revoking probation constituted an order in excess of its jurisdiction. It is "a well-established principle" that "once probation expires, a court loses jurisdiction to make an order revoking or modifying an order suspending the imposition of sentence or execution thereof and admitting the defendant to probation." (*In re Barber* (2017) 15 Cal.App.5th 368, 372; *Kuhnel v. Appellate Division of Superior Court* (2022) 75 Cal.App.5th 726, 733 ["Once probation expires, the trial court loses jurisdiction to modify its terms."], review granted June 1, 2022, S274000; *People v. Leiva* (2013) 56 Cal.4th 498, 514 [trial court is not permitted to "find a violation of probation based on conduct that occurred after the probationary period ha[s] expired"].)

In this case, defendant began serving his term of probation in November 2019. Thus, his term of probation, as modified by the retroactive application of Assembly Bill 1950, expired in November 2021. Because defendant's term of probation expired, the trial court could not revoke his probation based upon alleged violations that occurred

13

after that time. The order revoking probation constituted an order in excess of the trial court's jurisdiction and must be reversed.

C. *Withdrawal of the Plea Is Not Permitted Under the Circumstance of This Case*

Finally, we address the People's request that even if reversal of the order revoking probation is appropriate, we remand the matter for resentencing to permit the parties to withdraw from or renegotiate the plea agreement in this case. We decline to do so here.

In making this argument, the People rely primarily on the California Supreme Court's reasoning in *Stamps*, *supra*, 9 Cal.5th 685. In *Stamps*, our high court considered the retroactive application of Senate Bill No. 1393 (2017-2018 Reg. Sess.), which granted the trial court discretion to strike a prior serious felony enhancement in the interests of justice. (*Stamps*, at p. 692.) The defendant in *Stamps* entered into a negotiated plea with a specified prison term for a prior serious felony enhancement. (*Id.* at p. 693.) On appeal, the defendant sought remand to permit the trial court to consider striking the enhancement from the sentence, but otherwise keep his plea intact. (*Id.* at p. 700.) Our high court disagreed with this remedy, instead holding that the trial court should be permitted to exercise its discretion to strike the enhancement, but that upon exercise of such discretion, the prosecutor or the trial court should also be permitted to withdraw their approval of the plea. (*Id.* at pp. 705-709.)

As the People point out, numerous published decisions have considered the impact of *Stamps* on the retroactive application of Assembly Bill 1950. There is a split of authority among the appellate courts on the proper remedy in this situation. "Some cases have held that a reviewing court must remand to allow the trial court and the prosecution

14

the opportunity to withdraw from the original plea agreement." (*Bowden v. Superior Court*, *supra*, 82 Cal.App.5th at p. 746, citing *People v. Scarano* (2022) 74 Cal.App.5th 993.) "Another group of cases holds the opposite—that the Legislature did not intend for the prosecution or the trial court to be permitted to withdraw their approval from a plea agreement modified by Assembly Bill 1950." (*Bowden*, at p. 746, citing *People v. Butler* (2022) 75 Cal.App.5th 216, 221-225 & *Shelly*, *supra*, 81 Cal.App.5th at pp. 185-198.) The issue is currently on review before the California Supreme Court, and we need not definitively resolve the issue in order to reach an appropriate disposition in this case.[4]

Regardless of whether an opportunity to withdraw a plea may be an appropriate disposition in some circumstances, we conclude that such a disposition is simply not available under the specific facts of this case. Once a trial court grants probation, it retains and maintains jurisdiction over the defendant exclusively under the probation statutes (*Hilton v. Superior Court* (2014) 239 Cal.App.4th 766, 776), and a trial court acts in excess of its jurisdiction when it acts in a manner other than that authorized by the probation statutes (*In re Griffin* (1967) 67 Cal.2d 343, 347-348; *People v. Ramirez*, *supra*, 159 Cal.App.4th at pp. 1425-1427).

---

[4] During the pendency of this appeal, the California Supreme Court issued its opinion in *People v. Prudholme* (June 26, 2023, S271057)___Cal.5th___[2023 Cal. Lexis 3532], concluding that at least in cases involving existing, nonfinal plea bargains, the limitations set forth in Assembly Bill 1950 should be applied by modifying the judgment while maintaining the remainder of the bargain. Cases addressing the appropriate disposition in other contexts remain under consideration before the California Supreme Court as of the filing of this opinion.

As relevant here, the probation statutes provide that: "In all probation cases, if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant *shall* at the end of the term of probation . . . be discharged by the court . . . ." (§ 1203.3, subd. (b)(3), italics added.) Thus, once a defendant has fulfilled the conditions of probation for the entire period of probation, the probation statutes themselves prohibit the trial court from resentencing the defendant.

This limitation on the trial court's authority was recognized by the California Supreme Court in *People v. Chavez* (2018) 4 Cal.5th 771. In *Chavez*, our high court explained that "neither forms of probation—suspension of the imposition of sentence or suspension of the execution of sentence—results in a final judgment. In a case where a court suspends imposition of sentence, it pronounces no judgment at all, and a defendant is placed on probation with 'no judgment pending against [him].' [Citation.] In the case where the court suspends execution of sentence, the sentence constitutes 'a judgment provisional or conditional in nature.' [Citation.] The finality of the sentence 'depends on the outcome of the probationary proceeding' and 'is not a final judgment' at the imposition of sentence and order to probation." (*Chavez*, at p. 781.) Given this understanding, our high court explained that the "criminal action," and thus the trial court's jurisdiction to impose a final judgment, "continues into and throughout the period of probation—when the court may still punish the defendant—but expires when [the probation] period ends." (*Id.* at p. 784.) Once the probationary period ends, the trial court's "power to impose a sentence over the defendant ceases entirely," "discharge from probation is mandatory" and "the court loses its ability to pronounce judgment on the

16

defendant . . . ." (*Chavez*, at pp. 782-784; see *People v. Martinez* (2020) 54 Cal.App.5th 885, 893 [trial court loses jurisdiction to impose final judgment when probation period ends].)

As we have already explained, we are without appellate jurisdiction to review the order granting probation in this case. Pursuant to that order, as modified by the retroactive application of Assembly Bill 1950, defendant fulfilled the maximum term of probation permitted by law, and the period of probation expired prior to the commission of any alleged act in violation of probation. Thus, under the circumstances presented in this case, any act by the trial court upon remand purporting to resentence defendant would constitute an act in excess of its jurisdiction. Because the trial court lacks the authority to resentence the defendant, it cannot impose the previously suspended sentence or resentence the defendant pursuant to a renegotiated plea agreement.

Thus, at least in those situations where the defendant has already completed the maximum term of probation permitted by law, the People's request that we remand the matter for resentencing and permit the parties to withdraw from or renegotiate their plea amounts to a request that we permit the trial court to act in excess of the authority conferred by statute. A disposition directing the trial court to act in excess of its statutory authority is not appropriate under any circumstances, and we decline to adopt such a disposition in this case.

17

## IV.  DISPOSITION

The judgment is reversed and the cause remanded to the trial court for further proceedings.  Upon remand, the trial court is directed to (1) vacate the order revoking defendant's probation; (2) enter an order modifying defendant's term of probation to two years in accordance with Penal Code section 1203.1, subdivision (a), as amended by Assembly Bill 1950; and (3) enter an order terminating probation and discharging defendant.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

McKINSTER _____
Acting P. J.


MILLER _____
J.

18